1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9  AT TACOMA

10

11  ROBIN DIRK HORDON,                          CASE NO. 20-5464 RJB

12                        Plaintiff,            ORDER ON MOTION FOR
          v.                                    PRELIMINARY INJUNCTION

13  KITSAP COUNTY SHERIFF'S OFFICE,
a division of Kitsap County, a municipal
14  corporation, MIKE MERRILL, deputy,
ANDREW AMEN, deputy, BRAD
15  TROUT, deputy, TONY GRAHAM,
deputy, BENJAMIN TEETS, deputy,
16  TIMOTHY YOUNG, deputy, JUSTIN
CHILDS, deputy, PORT OF KINGSTON,
17  a municipal corporation, RAYMOND
CARPENTER, Harbormaster, GREG
18  ENGLIN, Executive Director, AUSTIN
GOFF, Marine Lead, KITSAP COUNTY, a
19  municipal corporation, GARY SIMPSON,
Kitsap County Sheriff,

20

21                        Defendants.

22       THIS MATTER comes before the Court on the Plaintiff's Motion for Preliminary

23  Injunction against Defendants Port of Kingston and Kitsap County Sheriff's Office.  Dkt. 2.  The

24  Court has considered the pleadings filed regarding the motion and the remaining file.

On May 19, 2020, the Plaintiff filed this civil rights case in connection with a dispute with officials of the Port of Kingston over whether he was permitted to display signs at a public park; a dispute which the Plaintiff asserts culminated in issuance of a Criminal Trespass Warning, in his arrest and in criminal trespass charges. Dkt. 1. Stating that he intends to display his signs at the same park again during a July 4, 2020 celebration, the Plaintiff filed this motion for preliminary injunction. Dkt. 2. For the reasons provided below, the motion for preliminary injunction (Dkt. 2) should be denied as moot, in part, and renoted, in part.

## I.   FACTS AND PROCEDURAL HISTORY

### A.  FACTS

Located in Kingston, Washington, Defendant Port of Kingston is a municipal corporation created by state law. RCW 53.04.010(1). It is governed by port commissioners, who are publicly elected. RCW 53.12. The Port of Kingston includes docks, various buildings, and parks, one of which is Mike Wallace Park ("park"). Dkt. 3, at 12. The Port of Kingston has adopted rules and regulations to govern its operations. Dkt. 3, at 37-60. At issue here is rule #10, which provides, "[s]igns may be posted in designated Port areas only after receiving the Harbormaster's approval." Dkt. 3, at 41.

On July 4, 2019, the Plaintiff displayed signs at the Port of Kingston's Fourth of July celebration event at the park. Dkt. 4, at 2. The Plaintiff's signs read: "Green Peace – Yes to Both," "Save Earth," "Elect Matrilineal Governances," and "VOTE – Save Democracy." *Id.* He states that he displayed his signs along a walkway to "provoke thought and civil discourse." *Id.*

According to the Plaintiff, Defendant Port of Kingston Harbormaster Raymond Carpenter and Marina Lead Austin Goff asked him to remove his signs and the Plaintiff declined. Dkt. 4, at 3. The Plaintiff states Kitsap County Sheriff's deputies arrived, showed him the Port's rule

#10, and told him that the Port had asked him to take down his signs and leave. *Id.* The Plaintiff declined. *Id.*

The Plaintiff was arrested for obstruction of a police officer and spent the night in jail. Dkt. 4, at 3. He was issued a "Criminal Trespass Warning" for "public intoxication, disturbing the peace," and "threatening Port of Kingston employees." Dkt. 4, at 11. The warning states that it is effective "forever/no expiration" and provides that "I understand that I am not allowed in or upon the property . . . for the time period listed." *Id.* It states that "I further understand that should I violate this written order, I can be arrested and subsequently prosecuted for Trespass 1, RCW 9A.52.070 (gross misdemeanor) or Trespass 2 RCW 9A.52.080 (misdemeanor)." *Id.*

The Plaintiff was charged with criminal trespass. Dkt. 4, at 4. He hired a lawyer and returned to the park with her to investigate his case on July 18, 2019. *Id.* The Plaintiff again returned to the park, set up his signs, and took pictures for his defense on July 21, 2019. *Id.* The Plaintiff was arrested on July 21, 2019 for trespass at the park and spent another night in jail. *Id.*

The Plaintiff's two charges of criminal trespass (for July 4, 2019 and July 21, 2019) were dismissed without prejudice by the state after he filed a motion to dismiss (which purportedly asserted that he was arrested in violation of his first amendment rights). Dkt. 4, at 4. He plans to return to the park July 4, 2020 and display his signs, but fears being arrested again. *Id.*

## B.  PROCEDURAL HISTORY AND PENDING MOTION

The Plaintiff now moves for a preliminary injunction against the Port of Kingston barring enforcement of rule #10 (regarding signs) arguing that rule #10 is an impermissible prior restraint of his First Amendment speech rights. Dkt. 2. As against the Kitsap County Sheriff's Office, the Motion for Preliminary Injunction seeks an order "preliminarily ENJOIN[ING] enforcement of the Criminal Trespass Warning issued by Deputy Trout that purports to exclude Mr. Hordon from Mike Wallace Park in Kingston, Washington during the pendency of this litigation and

through trial." *Id.* The Plaintiff maintains that the "Criminal Trespass Warning" violates his due process rights because the form does not notify the excluded person if there is a process to challenge the warning "and no process, in fact, exists." *Id.*

After this case and the instant motion for preliminary injunction was filed, on June 3, 2020, the Port of Kingston's commissioners voted by resolution to revise the Port's rules and removed rule #10. Dkt. 12, at 4. The resolution further provided that "[t]he Commission hereby announces its intent during the pendency of [this lawsuit] not to insert any provision into the Rules that is identical to or similar to [rule #10] and hereby directs the Executive Director to take no action contrary to such intent." *Id.*

In response to the Plaintiff's motion for preliminary injunction, the Port of Kingston argues that the motion is now moot. Dkt. 11. It has eliminated rule #10 and agrees not to replace it until after this case is resolved. *Id.*

Defendant Kitsap County Sheriff's office responded to the motion for preliminary injunction against it and argued that it is not the proper defendant – that Kitsap County is the proper defendant. Dkt. 17. Defendant Kitsap County Sheriff's Office (and others) also have pending a motion to dismiss asserting, in part, that Kitsap County is the proper defendant, not the Kitsap County Sheriff's Office. Dkt. 16.

After the Defendants responded to the motion for preliminary injunction, the Plaintiff filed an Amended Complaint (Dkt. 20) adding Kitsap County and Kitsap County Sheriff Gary Simpson as defendants. The pending motion for preliminary injunction (Dkt. 2) is not made against new parties Kitsap County and Simpson. On June 10, 2020, the Plaintiff filed a Motion for Temporary Restraining Order ("TRO") against Defendant Kitsap County, seeking the same relief as the Motion for Preliminary Injunction seeks against the Kitsap County Sheriff's Office. Dkt. 23. The Plaintiff's TRO "requests a preliminary injunction prohibiting Kitsap County from

1    enforcing its Criminal Trespass Warning barring him from Mike Wallace Park." *Id.* On June 12,

2    2020, the Court renoted the Plaintiff's motion for TRO to June 26, 2020 and set a briefing

3    schedule.  Dkt. 27.

4        The Plaintiff filed a reply to the Defendant Port of Kingston and Kitsap County Sheriff's

5    Office's responses.  Dkt. 26.  The Plaintiff maintains that his motion for preliminary injunction is

6    not moot because the Port of Kingston's revocation of rule #10 on signs was equivocal.  *Id.*  He

7    maintains that the Kitsap County Sheriff's Office is the proper defendant for the motion for

8    preliminary injunction. *Id.*

9        This opinion will first provide the standard on a motion for preliminary injunction, then

10   address whether the motion for preliminary injunction is moot as to the Defendant Port of

11   Kingston and lastly, whether the Kitsap County Sheriff's Office is the proper defendant for the

12   relief sought in the motion for preliminary injunction.

## II.    DISCUSSION

### A.  STANDARD ON MOTION FOR PRELIMINARY INJUNCTION

15       Plaintiffs seeking a preliminary injunction must establish one of two tests.  *All. for the*

16   *Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).  The first test requires plaintiffs to

17   show:  (1) that they are "likely to succeed on the merits," (2) that they are "likely to suffer

18   irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their]

19   favor," and (4) "an injunction is in the public interest." *Coffman v. Queen of Valley Med. Ctr.*,

20   895 F.3d 717, 725 (9th Cir. 2018)(*citing Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7

21   (2008) (*internal quotation marks omitted*)).  Under the second variant of the 9th Circuit's test for

22   a preliminary injunction, the "sliding scale" version of the *Winter* standard provides that "if a

23   plaintiff can only show that there are serious questions going to the merits—a lesser showing

24

than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *All. for the Wild Rockies*, at 1217 (*internal quotation marks and citations omitted*).

### B.  PORT OF KINGSTON – MOTION FOR PRELIMINARY INJUNCTION MOOT

"[T]he repeal, amendment, or expiration of challenged legislation is generally enough to render a case moot." *Bd. of Trustees of Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019).  Despite this general rule, a case is not moot even when the government has repealed or amended a challenged statute or ordinance where it "was reasonably expected to reenact offending provisions because it had announced its intention to do so."  *Id.*

The Plaintiff's motion for preliminary injunction against the Port of Kingston (Dkt. 2) should be denied as moot.  The Port of Kingston has eliminated rule #10.  The Plaintiff cannot show that he will suffer any harm because rule #10 will not be enforced against him.  There is no showing that the Port of Kingston will reenact it during the pendency of this litigation.  The Kitsap County Sheriff's Office remains the only defendant that is the subject of the motion for preliminary injunction.

### C.  KITSAP COUNTY SHERIFF'S OFFICE – PROPER DEFENDANT

To maintain a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

The Ninth Circuit Court of Appeals has not ruled on whether Washington sheriff's offices are "persons" subject to suit under §1983.  This issue is grounds for the Kitsap County

1   Sheriff's Office motion to dismiss, which is noted for consideration on July 10, 2020. This

2   motion is not fully briefed by the parties. Kitsap County states that it intends to respond to the

3   Plaintiff's TRO motion for an order barring enforcement of the "Criminal Trespass Warning"

4   against the Plaintiff on the merits. A briefing schedule is set and the TRO motion is noted for

5   consideration for June 26, 2020.

6          To fully and fairly consider all issues, the Plaintiff's motion for preliminary injunction as

7   to the Kitsap County Sheriff's Office (Dkt. 2) should be noted for consideration for June 26,

8   2020.

9          To recap the pending motions schedule: the motion for preliminary injunction (Dkt. 2)

10  against the Kitsap County Sheriff's Office and the TRO motion (Dkt. 23) against Kitsap County

11  are noted for consideration for June 26, 2020. The motion to dismiss (Dkt. 16), brought, in part,

12  by the Kitsap County Sheriff's Office is noted for consideration on July 10, 2020.

13         The parties' request for oral argument should be granted. Oral argument will be held on

14  the motion for preliminary injunction Kitsap County Sheriff's Office and motion for TRO

15  against Kitsap County on **June 26, 2020** at **11:30 a.m.** by teleconference, which Court's clerk

16  will set up.

### III.   ORDER

18         It is **ORDERED** that:

19         The Plaintiff's Motion for Preliminary Injunction against Defendants Port of Kingston

20  and Kitsap County Sheriff's Office (Dkt. 2) **IS:**

21         • **DENIED AS MOOT,** as to the Defendant Port of Kingston; and

22         • **RENOTED** to **June 26, 2020**, as to the Defendant Kitsap County Sheriff's

23            Office.

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2    to any party appearing *pro se* at said party's last known address.

3    Dated this 17th day of June, 2020.

4

5    ROBERT J. BRYAN
     United States District Judge