1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

| ROBIN DIRK HORDON, | CASE NO. 20-5464 RJB |
|---|---|
| Plaintiff, | ORDER ON MOTION TO DISMISS |
| v. | |
| KITSAP COUNTY SHERIFF'S OFFICE, a division of Kitsap County, a municipal corporation, MIKE MERRILL, deputy, ANDREW AMEN, deputy, BRAD TROUT, deputy, TONY GRAHAM, deputy, BENJAMIN TEETS, deputy, TIMOTHY YOUNG, deputy, JUSTIN CHILDS, deputy, PORT OF KINGSTON, a municipal corporation, RAYMOND CARPENTER, Harbormaster, GREG ENGLIN, Executive Director, AUSTIN GOFF, Marine Lead, KITSAP COUNTY, a municipal corporation, GARY SIMPSON, Kitsap County Sheriff, | |
| Defendants. | |

A.  **INTRODUCTION**

THIS MATTER comes before the Court on the Kitsap County Sheriff Gary Simpson,

Kitsap County, Kitsap County Sheriff's Office, Deputies Mike Merrill, Andrew Aman, Brad

Trout, Tony Graham, Benjamin Teets, Timothy Young, and Justin Childs' (collectively "County Defendants") Motion to Dismiss.  Dkt. 31.  The Court has considered the pleadings filed regarding the motion and the remaining file.

On May 19, 2020, the Plaintiff filed this civil rights case in connection with a dispute with officials of the Port of Kingston over whether he was permitted to display signs at a public park; a dispute which he asserts culminated in his arrest, the issuance of a Criminal Trespass Warning, in his second arrest, and in charges filed against him.  Dkt. 1.  On June 9, 2020, the Plaintiff filed an Amended Complaint.  Dkt. 20.  The County Defendants now move to dismiss the claims asserted against them.  Dkt. 31.  For the reasons provided below, the motion to dismiss (Dkt. 31) should be denied.

**B.  FACTS**

The parties have set forth the events leading up to this point fully and repeatedly.  (*See* Amended Complaint (Dkt. 20), Motion (Dkt. 31), Declaration (Dkt. 32), Response (Dkt. 41) and Reply (Dkt. 42).  There is no need or benefit for the Court to set forth a reiteration here, of the facts alleged.

**C.  LAW**

**1.  STANDARD ON MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

1    entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

2    elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955,

3    1964-65 (2007)(*internal citations omitted*).  "Factual allegations must be enough to raise a right

4    to relief above the speculative level, on the assumption that all the allegations in the complaint

5    are true (even if doubtful in fact)." *Id*. at 1965.  Plaintiffs must allege "enough facts to state a

6    claim to relief that is plausible on its face." *Id*. at 1974. "Dismissal without leave to amend is

7    improper unless it is clear upon de novo review that the complaint could not be saved by any

8    amendment." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009).

9          This is an attack on the sufficiency of Plaintiff's Amended Complaint – not whether

10    Plaintiff can prove his allegations.

## 2.  SECTION 1983 GENERALLY

12          To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct

13    complained of was committed by a person acting under color of state law, and that (2) the

14    conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws

15    of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

16    *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an

17    alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350,

18    1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  To state a civil rights claim, a plaintiff

19    must set forth the specific factual bases upon which he claims each defendant is liable.  *Aldabe v.*

20    *Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Vague and conclusory allegations of official

21    participation in civil rights violations are not sufficient to support a claim under § 1983.  *Ivey v.*

22    *Board of Regents*, 673 F.2d 266 (9th Cir. 1982).

## 3.  QUALIFIED IMMUNITY

1   "[Q]ualified immunity protects government officials 'from liability for civil damages

2 insofar as their conduct does not violate clearly established statutory or constitutional rights of

3 which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)

4 (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity balances two

5 important interests: the need to hold public officials accountable when they exercise power

6 irresponsibly and the need to shield officials from harassment, distraction, and liability when

7 they perform their duties reasonably. *Harlow*, at 815. The existence of qualified immunity

8 generally turns on the objective reasonableness of the actions, without regard to the knowledge

9 or subjective intent of the particular official. *Id*. at 819. Whether a reasonable officer could have

10 believed his or her conduct was proper is a question of law for the court and should be

11 determined at the earliest possible point in the litigation. *Act Up!/Portland v. Bagley*, 988 F.2d

12 868, 872-73 (9th Cir. 1993).

13   In analyzing a qualified immunity defense, the Court must determine: (1) whether a

14 constitutional right would have been violated on the facts alleged, taken in the light most

15 favorable to the party asserting the injury; and (2) whether the right was clearly established when

16 viewed in the specific context of the case.  *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001).  While

17 the sequence set forth in *Saucier* is often appropriate, it is no longer mandatory.  *Pearson*, at 811.

18   As it relates to the second *Saucier* prong, "[t]he relevant dispositive inquiry in

19 determining whether a right is clearly established is whether it would be clear to a reasonable

20 officer that his conduct was unlawful in the situation he confronted."  *Saucier,* at 2156.  "Law is

21 'clearly established' for the purposes of qualified immunity if every reasonable official would

22 have understood that what he is doing violates the right at issue."  *Wilk v. Neven*, 956 F.3d 1143,

23 1148 (9th Cir. 2020)(*internal quotation marks and citation omitted*).  The Supreme Court has

24

ORDER ON MOTION TO DISMISS - 4

1  repeated admonished courts considering questions of qualified immunity to not "define the right

2  at issue at a high level of generality."  *Orn v. City of Tacoma*, 949 F.3d 1167, 1178 (9th Cir.

3  2020)(*citing Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018)).  "Officials can still be on notice

4  that their conduct violates established law even in novel factual circumstances—i.e., even

5  without a prior case that had fundamentally similar or materially similar facts."  *Wilk*, at 1148

6  (*internal quotation marks and citation omitted*).

7  ### 4.  "COUNTY" SHERIFF'S OFFICE - PROPER DEFENDANT?

8      The Ninth Circuit Court of Appeals has not ruled on whether Washington sheriff's

9  offices are "persons" subject to suit under §1983.  In a concurring opinion in *United States v.*

10  *Kama*, 394 F.3d 1236, 1240 (2005), the Ninth Circuit Court stated that "municipal police

11  departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C.

12  § 1983." Further, several of Washington's U.S. district courts have held that sheriff's offices are

13  not municipalities subject to suit under § 1983 – that the proper defendant is the county or city in

14  which they sit.  *See, e.g., Wright v. Clark Cty. Sheriff's Office*, C15-5887 BHS-JRC, 2016 WL

15  1643988, at *2 (W.D. Wash. Apr. 26, 2016)("A governmental agency such as the Clark County

16  Sheriff's Office normally cannot be sued under § 1983 because it is not a municipality"); *Van*

17  *Vilkinburgh v. Wulick*, C07-5050 FDB, 2008 WL 2242470, at *1 (W.D. Wash. May 29, 2008);

18  *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008)(holding that "the

19  Seattle Police Department is not a legal entity capable of being sued").

20  ### D.  DISCUSSION

21  ### 1.  KITSAP COUNTY SHERIFF'S OFFICE

22      The cases cited under § C(4), above, are persuasive.  The Plaintiff fails to point to a

23  Washington statute which indicates that the Washington legislature intended county sheriff's

24

ORDER ON MOTION TO DISMISS - 5

offices to be a legal entity which was separate from the county itself. "In order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred." *See Dunkle v. Kitsap Cty. Sherriffs Office Jail*, C14-5642 RBL-KLS, 2014 WL 5334275, at *1 (W.D. Wash. Oct. 20, 2014). The Kitsap County Sheriff's Office should be dismissed.

## 2.  ADEQUACY OF CLAIMS PLED IN AMENDED COMPLAINT

There is no issue raised regarding whether the moving Defendants were acting under color of law. The claims in this case are largely based on two theories: first, that the Port Commission's Rule #10 is invalid, unconstitutional, and unenforceable, particularly as it may apply to free speech activities, and second, that the trespass warning issued by the Kitsap County Sheriff's Office is likewise invalid, unconstitutional, and unenforceable, particularly as it may apply to free speech activities.

It follows, according to Plaintiff, that the orders issued by law enforcement on the strength of Rule #10 are likewise invalid, and there can be no obstruction of an invalid order, and therefore, there was no probable cause to support Plaintiff's first arrest. Furthermore, Plaintiff argues, because the trespass warning was invalid, there was no probable cause for his second arrest.

Plaintiff also argues that because Rule #10 and the trespass warning are invalid, he is entitled to injunctive relief to prevent a repeat of what has happened to him so far.

The foregoing claims appear clear in the Amended Complaint.

The claims against Sheriff Gary Simpson and Kitsap County are similarly adequately pled.

### 3.  QUALIFIED IMMUNITY

Plaintiff's Amended Complaint also addresses the issue of qualified immunity in these ways: at Amended Complaint (Dkt. 20, ¶ 4.31, at 11), he alleges, regarding his first arrest, "[t]hese deputies know, and the law was clear, that citizens cannot be removed or excluded from public parks simply for engaging in peaceful and non-disruptive free speech activities."  And, at (Dkt. 20, ¶ 4.42, at 13), " . . . Kitsap County's entire Criminal Trespass Warning system is unconstitutional and on its face violated the Fourteenth Amendment's guarantee of due process of law.

These allegations are sufficient to raise fact issues regarding both *Saucier* (*supra* page 4-5) prongs of qualified immunity.  Plaintiff should have to opportunity to prove his allegations.

### 4.  CONCLUSION

The factual and legal issues underlying the decisions reached herein can be better decided on summary judgment or at trial.

Therefore, for all of the foregoing reasons, the Kitsap County Defendants' Motion to Dismiss (Dkt. 31) should be denied except that the Kitsap County Sheriff's Office should be dismissed and the Motion to Dismiss (Dkt. 31) should be granted in part to that extent.

### E.  ORDER

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of July, 2020.

ROBERT J. BRYAN
United States District Judge